UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christina M. Marudas,

  Plaintiff,

v.            Case No. 17-12703

Commissioner of Social Security,   Sean F. Cox
               United States District Court Judge
  Defendant.
_____/

**ORDER ADOPTING
6/1/18 REPORT AND RECOMMENDATION**

  Plaintiff filed this action seeking judicial review of Defendant Commissioner of Social Security's unfavorable decision denying her claim for supplemental security income benefits and children's insurance benefits. The matter was referred to Magistrate Judge Patricia T. Morris for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C). Thereafter, the parties filed cross-motions for summary judgment.

  On June 1, 2018, the magistrate judge issued a Report and Recommendation ("R&R") (D.E. 19) wherein she recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision.

  Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate

1

judge's disposition to which specific written objection has been made." *Id*.

On June 15, 2018, Plaintiff filed timely objections to the R&R. (D.E. 20). Defendant filed a response to those objections on June 19, 2018. (D.E. 21).

To properly object to the R&R, however, the "Plaintiff must do more than merely restate the arguments set forth in [his or] her summary judgment motion." *Senneff v. Colvin*, 2017 WL 710651 at *2 (E.D. Mich. 2017). A district court is not obligated to address objections that are recitations of the same arguments that were addressed by the magistrate judge because "such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Commission of Soc. Sec.*, 2013 WL 1304470 at * 3 (W.D. Mich. 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff's first objection to the R&R is that the "Magistrate Judge inappropriately rejected plaintiff's criticisms of the ALJ's reliance upon the opinions on nonexamining Dr. Balunas." (D.E. 20, PageID 723). In her motion for summary judgment, Plaintiff argued that the ALJ erred in relying on Dr. Balunas's findings because these findings were "completely and undeniably contrary to the evidence of record and cannot therefore represent substantial evidence supportive of the ALJ's conclusion." (D.E. 15, PageID 655). In the R&R, the magistrate judge concluded that, although Plaintiff was apparently referring to the "enormous swaths of the record she recounted earlier in the brief," she did not actually "pinpoint even one specific example of such a contradiction." (D.E. 19, PageID 709). In her objection, Plaintiff argues that the "Magistrate judge effectively inverted the order of plaintiff's arguments, detailing (not always accurately) the contention that Dr. Balunas' opinions were not consistent with the record, but then looking for specific examples thereafter."

2

Regardless of where Plaintiff presented evidence that she believed contradicted Dr. Baluna's findings, she never explained *how* this evidence contradicted his findings. The magistrate judge has no duty to search through the brief to determine what evidence supports Plaintiff's argument, or to make her argument for her. *See Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1057 (6th Cir. 2015) (declining to address an argument when the party failed to offer "developed argumentation" because it is not the court's function to "craft an appellant's arguments.")

After noting Plaintiff's failure to provide a specific contradiction, the magistrate judge conducted an exhaustive review of the record and concluded that "the record reflects that Dr. Balunas recognized that Plaintiff suffered from severe impairments and accounted for them in his analysis—a far cry from Plaintiff's blanket assertion that Dr. Baluna's findings were completely and undeniably contrary to the evidence of the record." (D.E. 19, PageID 712). To the extent that Plaintiff is now reasserting the same argument that Dr. Balunas's findings were directly contradictory to the underlying record, the Court will not address it. Moreover, the Court agrees with the magistrate's analysis and conclusions as to this argument.

Plaintiff's second objection is that the "Magistrate Judge also failed to adequately address plaintiff's challenge to the ALJ's handling of the Dr. Rosenbaum's opinions." (D.E. 20, PageID 727). Specifically, Plaintiff argues that the ALJ erred in concluding that Dr. Rosenbaum's opinions were inconsistent with Dr. Kroll's opinions. (D.E. 20, PageID 729). The magistrate judge once again reviewed the record and determined that Dr. Rosenbaum's findings were "far from '[q]uite obviously' inconsistent with the conclusion that Plaintiff could perform simple, routine work, and to the extent Plaintiff wishes the court to more heavily favor evidence I must decline." To the extent

3

that Plaintiff is now reasserting the same argument that the findings of Dr. Rosenbaum and Dr. Kroll are inconsistent, the Court will not address it. Moreover, the Court agrees with the magistrate's analysis and conclusions as to this argument.

Accordingly, the Court hereby ADOPTS the June 1, 2018 R&R and ORDERS that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: September 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2018, by electronic and/or ordinary mail.

                                                        s/Jennifer McCoy
                                                       Case Manager